IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WALTER & DEANNA MURRAY ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO._____ |
| ) | |
| REDLINE RECOVERY SERVICES, LLC ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this district, where Plaintiffs reside in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiffs, Walter & DeAnna Murray ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Georgia, County of Effingham, and City of Gayton.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Redline Recovery Services, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with collection of an alleged debt in default, Defendant called Walter and DeAnna Murray's cellular telephone on October 3, 2011 at 2:27 P.M., and at such time, left the following voicemail message:

> "This message is for DeAnna Murray. Please contact me [inaudible], 1-800-804-8082, direct extension 4712 and use reference number 10553560, thank you."

14. In its voicemail message of October 3, 2011, Defendant failed to notify Walter and DeAnna Murray that the communication was from a debt collector.

15. In its voicemail message of October 3, 2011, Defendant failed to disclose its true corporate or business name in a telephone call to Walter and DeAnna Murray.

16. In the alternative, Defendant's voicemail message of October 3, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

17. Defendant called Walter and DeAnna Murray's cellular telephone on October 10, 2011 at 9:10 A.M., and at such time, Defendant left the following voicemail message:

> "This message is for Walter Keith Murray. Please contact me [inaudible], 1-800-804-8082, direct extension 4712 and use reference number 10553560, thank you."

18. In its voicemail message of October 10, 2011, Defendant failed to notify Walter and DeAnna Murray that the communication was from a debt collector.

19. In its voicemail message of October 10, 2011, Defendant failed to disclose its true corporate or business name in a telephone call to Walter and DeAnna Murray.

20. In the alternative, Defendant's voicemail message of October 10, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

21. Defendant called Walter and DeAnna Murray's cellular telephone on December 14, 2011 at 10:34 A.M., and at such time, Defendant left the following voicemail message:

> "This message is for Walter Murray. Please contact (inaudible) 1-800-804-8082 direct extension 4712. Thank you."

22. In its voicemail message of December 14, 2011, Defendant failed to notify Walter and DeAnna Murray that the communication was from a debt collector.

23. In its voicemail message of December 14, 2011, Defendant failed to disclose its true corporate or business name in a telephone call to Walter and DeAnna Murray.

24. In the alternative, Defendant's voicemail message of December 14, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

25. Defendant called DeAnna Murray's place of employment on December 20, 2011 at 10:34 A.M., and at such time, Defendant left the following voicemail message:

> "This message is for DeAnna Murray. Please contact me [inaudible], 1-800-804-8082, direct extension 4712 and use reference number 10553560"

26. In its voicemail message of December 20, 2011, Defendant failed to notify DeAnna Murray that the communication was from a debt collector.

27. In its voicemail message of December 20, 2011, Defendant failed to disclose its true corporate or business name in a telephone call to DeAnna Murray.

28. In the alternative, Defendant's voicemail message of December 20, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

29. In connection with the collection of an alleged debt, Defendant telephoned a third party, Debi Boatright, and disclosed that Plaintiffs owed an alleged debt.

30. On January 13, 2012, counsel for Plaintiffs sent Defendant correspondence notifying Defendant that Plaintiffs were represented by counsel and demanding Defendant cease and desist all contact with Plaintiffs.

31. Despite receipt of the January 13, 2012 correspondence, Defendant placed additional telephone calls, including two such calls on February 14, 2012, to Walter and DeAnna Murray's cellular telephone without making any attempt to contact Plaintiffs' attorneys.

32. Defendant willingly and knowingly placed non-emergency calls to Walter and DeAnna Murray's cellular telephone, without the prior express consent of Walter and DeAnna Murray, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the calls placed on October 3, 2011, October 10, 2011, December 14, 2011, and February 14, 2012 (two calls).

33. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

34. Plaintiffs repeat and re-allege each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Walter and DeAnna Murray.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

36. Plaintiffs repeat and re-allege each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Walter and DeAnna Murray during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## ALTERNATIVE VIOLATION OF 15 U.S.C. §§ 1692b, 1692c(b)

38. Plaintiffs repeat and re-allege each and every allegation contained above.

39. In the alternative, Defendant violated 15 U.S.C. §§ 1692b, 1692c(b) by contacting a third party for purposes other than obtaining location information..

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b, 1692c(b);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692b(2)

40. Plaintiffs repeat and re-allege each and every allegation contained above.

41. Defendant violated 15 U.S.C. § 1692b(2) for disclosing that Plaintiffs owe an alleged debt during a communication with a third party, Debi Boatright.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692c(b)

42. Plaintiffs repeat and re-allege each and every allegation contained above.

43. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party without the prior consent of Plaintiffs given directly to Defendant.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

44. Plaintiffs repeat and re-allege each and every allegation contained above.

45. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs directly, despite knowledge that Plaintiffs were represented by an attorney.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692c(c)

46. Plaintiffs repeat and re-allege each and every allegation contained above.

47. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiffs by further communicating with Plaintiffs after receipt of the January 13, 2012 written correspondence demanding Defendant cease further communication with Plantiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 47 U.S.C. § 227(B)(1)(A)(III)

48. Plaintiffs repeat and re-allege each and every allegation contained above.

49. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Walter and DeAnna Murray's cellular telephone, without the prior express consent of Walter and DeAnna Murray, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

50. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Walter and DeAnna Murray's cellular telephone number.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

51. Plaintiffs are entitled to and hereby demand a trial by jury.

This 21th day of March, 2012.

        ATTORNEYS FOR PLAINTIFF
        WALTER & DEANNA MURRAY

        Respectfully submitted,

        /s/ Dennis R. Kurz
        Dennis R. Kurz
        Georgia Bar No. 430489
        WEISBERG & MEYERS, LLC
        5025 N. Central Ave. #602
        Phoenix, AZ 85012
        (888) 595-9111 ext. 412
        (866) 842-3303 (fax)
        dkurz@attorneysforconsumers.com